# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEAZAR ELENES,<br><br>         Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | Case No.: 09-CR-4526-L<br><br>**ORDER DENYING MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(C)(2)** |

On October 12, 2016, Petitioner Eleazar Elenes ("Petitioner"), represented by counsel, filed a motion for relief of sentence pursuant to 18 U.S.C. § 3582(c)(2). Petitioner's motion is based upon retroactive Amendment 782 of the United States Sentencing Guidelines (U.S.S.G.) that pertains to drug trafficking offenses which became effective November 1, 2014.

## BACKGROUND

On June 27, 2011, Petitioner was sentenced to 108 months for one count of Possession with Intent to Distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The Court found that the base offense level was 38, with minus 2 for safety valve, a 3 level reduction for acceptance of responsibility, and that Defendant was in a criminal history category I, therefore, the advisory Guidelines range was 135 to 168 months. Petitioner received a minus 2 for Fast Track, for an adjusted base offense level of 31 with a

guideline range of 108-135. After considering the factors in 18 U.S.C. § 3553(a), the Court sentenced Petitioner to 108 months custody.

## STANDARD

Generally, a court may not alter a term of imprisonment once it has been imposed. *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007), abrogated on other grounds by *Dillon v. United States*, 560 U.S. 817, (2010). An exception to this general rule was created by Congress in 18 U.S.C. § 3582(c)(2). Under section 3582, a court may reduce a defendant's term of imprisonment if: (1) the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" by an amendment to the Guidelines and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 of the Sentencing Guidelines sets forth the "applicable policy statements" governing sentence reductions. U.S.S.G. § 1B1.10. If a defendant's guideline range has been lowered as a result of an amendment listed in § 1B1.10(d), the court has the discretion to "reduce the defendant's term of imprisonment" consistent with § 1B1.10. U.S.S.G. § 1B1.10(a)(1).

A court calculates the amended guideline by determining the range that would have applied to the defendant if the amendment listed in § 1B1.10(d) "had been in effect at the time the defendant was sentenced" but must "leave all other guideline application decisions unaffected." § 1B1.10(b)(1). The inquiry is not to be treated as "plenary resentencing proceedings". . . instead, "the only 'appropriate use' of sentence modification proceedings under section 3582(c) is to adjust a sentence in light of a Guidelines amendment." *United States v. Navarro*, 800 F.3d 1104, 1110 (9th Cir. 2015)(internal citations omitted). Courts may not use such proceedings to "reconsider [ ] a sentence based on factors unrelated to a retroactive Guidelines amendment." *Id*.

Once the Court determines the amended guideline range, it must determine whether the defendant's term of imprisonment is greater or less than the minimum of this range. Under § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment"

is not authorized if the new amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). If the defendant's term of imprisonment is less than the minimum of the amended guideline range, then the defendant is ineligible for a sentence reduction. *United States v. Ornelas* 825 F.3d 548 (9th Cir. 2016)

## DISCUSSION

Amendment 782 lowered the base offense levels for almost all drug quantities in U.S.S.G. § 2D1.1(c), and was made retroactive in Amendment 788. *See* Amendment 782, Supplement to Appendix C, Amendments to the Guidelines Manual. With regard to the first prong, the parties agree that the Amendment applies to Petitioner because his original sentence range is automatically reduced under the Amendment.

However, Petitioner argues that the 2-level reduction for "Fast Track" he originally received should apply to his amended guideline range, resulting in an 87 month total sentence. (Mot. 6-8.) Petitioner contends that while the "applicable guideline range" corresponds to the offense level and criminal history category, the "amended guideline range" as calculated under the Amendment includes, or should include, Fast Track departures. (*Id.*) To disregard the Fast Track departure would thwart the intent of Congress to reward the efficient and timely disposition of cases, and would ignore a range of mitigating and aggravating factors found at the original sentencing as if they did not exist in Petitioner's view. (*Id.*) Petitioner likens the Fast Track departure to the permissible reduction in sentences under Amendment 782 for substantial assistance under USSG §1B1.10(2)(B). (*Id.* at 6-7).

In response, the government argues that Petitioner is not entitled to the Fast Track 2-level departure because the history, text and purpose of section 1B1.10 indicates that the "amended Guideline range" does not include departures from the sentencing guidelines except for substantial assistance to the government. (Oppo. 4.) Because Petitioner is not entitled to the Fast Track departure, the government contends that application of the Amendment to Petitioner's case would result in his base offense level

3

being reduced from 38 to 36, with reductions for safety valve and acceptance of responsibility, leaving a total offense level of 31 and a guideline range of 108-135. (*Id*. 4-5). The government concludes that Petitioner is not entitled to a sentence reduction under the Amendment because Petitioner's amended Guideline range of 108-135 would be the same as his original 108-135 guideline range. (*Id*. 4).

When this Court applies the amended Guidelines, Petitioner's new base offense level would be a 36, rather than a 38, and his adjusted offense level after applying a 2-level reduction for safety valve and a 3-level reduction for acceptance of responsibility would be 31. Petitioner remains in a criminal history category I. Without the Fast Track departure applied to the amended guideline, the resulting applicable guideline range is 108 to 135 months. Although Petitioner contends he is also entitled to the 2-level Fast Track departure, this Court declines to forge new ground and expand the permissible departures to include Fast Track.

The Ninth Circuit addressed the issue of Fast Track departures for purposes of Amendment 782 reductions and concluded "[t]he text, structure, and commentary of the Guidelines as well as supporting case law support the conclusion that the "amended guideline range" does not include departures from the sentencing guidelines, except a departure for substantial assistance to government authorities." *United States v. Aragon-Rodriguez*, 624 Fed.App'x 542, 543 (9th Cir. 2015). Indeed, section 1B1.10 clearly specifies that a Court may not reduce the term of imprisonment below the minimum amended guideline for any departures except where a defendant provides substantial assistance to the government. *See* § 1B1.10(2)(B). The commentary further delineates that the only departures which qualify are §5K1.1, 18 U.S.C. §3553(e) and Federal Rules of Criminal Procedure 35(b). *Id*. n.3.

The drafters of section 1B1.10 carefully crafted the "substantial assistance" exception to the general rule that a sentence modification cannot reduce a term of imprisonment to less than the minimum of the amended guideline range, and included the specific provisions which qualify as "substantial assistance." *See* § 1B1.10. Had

4

Congress intended to include Fast Track, it could have done so. Instead, the statute directs a Court to "leave all other guideline application decisions unaffected" other than substantial assistance, and not engage in plenary resentencing proceedings. *See generally* § 1B1.10; *Navarro*, 800 F.3d at 1110.

Moreover, the underlying purposes and qualitative differences between § 5K1.1 (substantial assistance) and § 5K3.1 (Fast Track) lend further support for allowing only reductions due to substantial assistance. Under 5K1.1, a defendant who provides assistance in the investigation or prosecution of another person may be entitled to a reduction in his sentence after the government determines that the information provided is reliable and timely and considers whether the defendant risked his safety, among other factors, prior to recommending a departure. *See* § 5K1.1; n.1-3. If the assistance is substantial enough to warrant a departure, the government makes a recommendation and the Court has broad discretion to reduce the defendant's sentence. *Id*.

In contrast, a § 5K3.1 Fast Track reduction is limited to 4 levels, is made pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides and does not require the Court or government analyze the effectiveness of the defendant's early disposition. *See* § 5K3.1. Just as a defendant's amended guideline range does not include departures or variances for "combination of circumstances" or "aberrant behavior," granted under § 3553(a) because they do not qualify as "substantial assistance," Fast Track departures under § 5K3.1 are not included in an amended guideline range. *See* 18 U.S.C. § 3553(a) & (b); U.S.S.G. § 5K2.20 (aberrant behavior); U.S.S.G. § 5K2.0(c) (combination of circumstances).

For the reasons set forth above, the Court declines to apply a 2-level Fast Track departure to Petitioner's amended Guideline range for purposes of a sentence reduction under section 3582. *See* U.S.S.G. § 1B1.10 cmt. n.1(A); *Ornelas* 825 F.3d 548. Further, no reduction is permissible under Amendment 782 in light of the fact that Petitioner's

original 108-135 guideline range is equal to the amended Guideline range.  *See* U.S.S.G. § 1B1.10(a)(2)(B).

## CONCLUSION

Based on all of the above considerations, Petitioner's motion for a reduction in his sentence is **DENIED**.

**IT IS SO ORDERED.**

Dated:  August 17, 2017

_____
Hon. M. James Lorenz
United States District Judge

COPIES TO:

PETITIONER

U.S. ATTORNEY'S OFFICE